FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 NOV -4 PM 4:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRICIA GARRETT,     }
                      }
     Plaintiff,       }
                      }     CIVIL ACTION NO.
vs.                   }
                      }     CV-97-AR-0092-S
BOARD OF TRUSTEES OF THE  }
UNIVERSITY OF ALABAMA IN  }
BIRMINGHAM,           }
                      }
     Defendant.       }

ENTERED
NOV 4 1997

**MEMORANDUM OPINION**

The court has before it plaintiff's motion to strike the continuing legal education ("CLE") materials used by defendant to support its pending motion for partial summary judgment in the above-styled cause. Said CLE materials appear as Attachment A to defendants brief in support of its motion for partial summary judgment. In support of her motion, plaintiff essentially argues that CLE materials are not proper authority and that, as such, defendant may not rely on such materials to support its motion. For the following reasons, the court rejects plaintiff's argument and concludes that plaintiff's motion is due to be denied.

A litigant can cite CLE materials as authority on which a party and the court can rely. Of course, the court ultimately determines the weight and effect of any cited authority, whether it is a law review article or the Bible. Courts of this circuit



often have relied on CLE materials in rendering their decisions.[1] See e.g., Amador-Gonzalez v. United States, 391 F.2d 308, 315 (5th Cir. 1968); Windsor v. United States, 389 F.2d 530, 534 (5th Cir. 1968); Eastman Kodak Co. v. Martin, 362 F.2d 684, 686 n.5 (5th Cir. 1966); First National Bank of Birmingham, Alabama v. United States, 358 F.2d 625, 631 n.3 (5th Cir. 1966); Thermo King Corp. v. White's Trucking Services, Inc., 292 F.2d 668, 678 (5th Cir. 1961). As a result, CLE materials represent an available and recognized form of persuasive authority.

Second, CLE materials are nothing more than mere persuasive authority. This is only to repeat the obvious, namely, that the court is not bound by the reasoning and conclusions expressed in CLE materials. Rather, the court is free to reach its own conclusions as to the effect of the CLE material. Therefore, in view of the court's discretion in this matter, it is clear that plaintiff is not prejudiced by defendant's reliance on CLE materials, regardless of whether those materials are authored by plaintiff's counsel or a lesser lawyer.

The court will enter a separate and appropriate order reflecting the conclusion reached in this memorandum opinion.

DONE this 4th day of November, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted all prior Fifth Circuit precedent as its own.