FILED
2005 Feb-16 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICIA GARRETT,                }
                                 }
    Plaintiff,                 }
                                 }               CIVIL ACTION NO.
v.                               }
                                 }               97-AR-0092-S
THE BOARD OF TRUSTEES OF THE     }
UNIVERSITY OF ALABAMA AT         }
BIRMINGHAM,                      }
                                 }
    Defendant.                 }

### MEMORANDUM OPINION AND ORDER

    The court is faced with a question of first impression in the Northern District of Alabama.

    The court deduces that counsel for plaintiff delivered a paper copy of plaintiff's notice of appeal to the Clerk of this court sometime before 12:00 p.m. on February 14, 2005. But the said notice was not "e-filed" until 9:50 a.m., February 15, 2005. The date and time of filing is reflected on Exhibit "A" attached hereto. The final decree from which plaintiff purports to appeal was entered on January 13, 2005. This means that the last day for appealing pursuant to Rule 4(a)(1)(A), F.R.App.P., was February 14, 2005.

    Exhibit "B" attached hereto is a provocative opinion from the Western District of Wisconsin. It has made the rounds as a humorous illustration of the timeliness problem inherent in e-filing. Fortunately for the party who was tardy in the Wisconsin

case, the judge overlooked it.  Untimely notices of appeal present a bigger problem.  Rule 4(a)(5)(A)(i), F.R.App.P., provides that if a notice of appeal fails to meet the thirty (30) day deadline, the district court from which the appeal is being attempted, can extend that time if the would-be appellant requests such an extension within thirty (30) days after the expiration of the deadline.  This court perhaps should not alert plaintiff to the problem she will face if she does not obtain such an extension, but the court feels that because of the newness of the filing procedures, preemptive action by the court is called for, in the name of fairness if not out of the goodness of the court's heart.

On August 17, 2004, the judges of this court unanimously entered General Order No. 2004-01.  *Inter alia*, the order directed that a "Case Management/Electronic Case Filing (CM/ECF) System shall be adopted and will replace the existing docketing and case management systems".  Thereafter, such a System was actually adopted and implemented for civil cases.  In pertinent part, the CM/ECF System for this court provides:

> "Electronic filing" means uploading a document directly from the registered user's computer, using the court's Internet-based System, to file that document in the court's case file.  Sending a document to the court via e-mail does not constitute "electronic filing."
>
> * * * * * * * * * *
>
> If a party misses a filing deadline due to an inability to file electronically, the party may seek relief by filing an appropriate motion.

2

[There is no showing here of any inability to file electronically and plaintiff has not sought such relief. Plaintiff's counsel are registered users and have regularly employed the Case Management/Electronic Case Filing System since its installation.]

* * * * * * * * * *

Unless otherwise permitted by these administrative procedures or unless otherwise authorized by the assigned judge, **all documents submitted for filing in this district after the official implementation date, currently planned as January 1, 2005, in all cases, no matter when a case was originally filed, shall be filed electronically**, with the following exceptions:

[Not one of the listed exceptions, such as that for *pro se* litigants, is here applicable.]

(emphasis supplied).

* * * * * * * * * *

All pleadings, motions, applications, briefs, memoranda of law, deposition transcripts, transcripts of proceedings, or other documents in a case shall be electronically filed on the System except as otherwise provided by these administrative procedures.

[There is no provision for the non-electronic filing of a notice of appeal.]

* * * * * * * * * *

Pleadings or documents will be deemed timely filed on any particular date if filed prior to midnight on that date unless otherwise limited by order of this court. **The time of filing is governed by the Notice of Electronic Filing which is generated after the document is uploaded to the court's CM/ECF server.** Attorneys should be aware that large filings initiated close to midnight may not complete before the date changes in the System.

(emphasis supplied).

### Conclusion

This court would like to be known as a court that says what it

3

means and means what is says.  Either the new, unequivocal mandatory procedural rules of this court are binding, or they are not.  On the, as yet, unchallenged assumption that the above-quoted rules are binding, plaintiff's purported notice of appeal, which was not actually "filed" by 12:00 p.m., February 14, 2005, was not timely.  No extension thus far has been requested.  The notice of appeal is STRICKEN.

DONE this 16th day of February, 2005.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED
2005 Feb-15 AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA GARRETT, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. CV 97-AR-0092-S |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, | ) |
| Defendant. | ) |

### NOTICE OF APPEAL

Notice is hereby given that Patricia Garret, plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order and Memorandum Opinion granting defendant The Board of Trustees of the University of Alabama, Motion for Summary Judgment which was granted on January 13, 2005.

Respectfully submitted,

s/Deborah A. Mattison
Deborah A. Mattison
Audrey R. Channell
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Exhibit "A"

139

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing by causing a true and correct copy of same to be sent via United States first class mail to the following:

Lisa Huggins
Tyrone Quarles
Office of Counsel
The University of Alabama System
AB 820
1530 Third Avenue South
Birmingham, Alabama 35294-0108

This the 10th day of February, 2005.

            s/Deborah A. Mattison
            OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HYPERPHRASE TECHNOLOGIES, LLC
and HYPERPHRASE INC.,

    Plaintiffs,

v.

MICROSOFT CORPORATION,

    Defendant.

ORDER

02-C-647-C

Pursuant to the modified scheduling order, the parties in this case had until June 25, 2003 to file summary judgment motions. Any electronic document may be e-filed until midnight on the due date. In a scandalous affront to this court's deadlines, Microsoft did not file its summary judgment motion until 12:04:27 a.m. on June 26, 2003, with some supporting documents trickling in as late as 1:11:15 a.m. I don't know this personally because I was home sleeping, but that's what the court's computer docketing program says, so I'll accept it as true.

Microsoft's insouciance so flustered Hyperphrase that nine of its attorneys, namely Mark A. Cameli, Lynn M. Stathas, Andrew W. Erlandson, Raymond P. Niro, Paul K. Vickrey, Raymond P. Niro, Jr., Robert Greenspoon, Matthew G. McAndrews, and William W. Flachsbart, promptly filed a motion to strike the summary judgment motion as untimely. Counsel used bolded italics to make their point, a clear sign of grievous iniquity by one's foe.

Copy of this document has been provided to: All Counsel
BBC
this 18 day of July 20 03
by CAKorth
C.A. Korth, Secretary to
Magistrate Judge Crocker

Exhibit "B"

True, this court did enter an order on June 20, 2003 ordering the parties not to flyspeck each other, but how could such an order apply to a motion filed almost five minutes late? Microsoft's temerity was nothing short of a frontal assault on the precept of punctuality so cherished by and vital to this court.

Wounded though this court may be by Microsoft's four minute and twenty-seven second dereliction of duty, it will transcend the affront and forgive the tardiness. Indeed, to demonstrate the even-handedness of its magnanimity, the court will allow Hyperphrase on some future occasion in this case to e-file a motion four minutes and *thirty* seconds late, with supporting documents to follow up to *seventy-two* minutes later.

Having spent more than that amount of time on Hyperphrase's motion, it is now time to move on to the other Gordian problems confronting this court. Plaintiff's motion to strike is denied.

Entered this 1st day of July, 2003.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge