IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA GARRETT, } | |
| } | |
|     Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 97-AR-0092-S |
| THE BOARD OF TRUSTEES OF THE } | |
| UNIVERSITY OF ALABAMA AT } | |
| BIRMINGHAM, } | |
| } | |
|     Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Patricia Garrett ("Garrett"), has appealed from the order entered by this court on January 13, 2005, granting the motion of defendant, The Board of Trustees of the University of Alabama at Birmingham ("UAB"), for summary judgment, and dismissing the action brought by Garrett under the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 701, *et seq.*

Rule 7, F.R.App.P., provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

In order for this court to fix the amount of a Rule 7 bond to be posted by Garrett, it is necessary to predict with some degree of accuracy the "costs" that may be taxed against Garrett if her appeal proves unsuccessful. It would be easier to predict the amount of such "costs" if an attorney's fee for a successful

appellee were not a possible item of "costs". Such is not the case here, however.

The controlling law is found in *Pedraza v. United Guaranty Corporation*, 313 F. 3d 1323 (11th Cir. 2004). In *Pedraza*, the critical holding is contained in this statement:

> [T]he meaning of "costs" as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action.

*Id.* at 1333.

The Eleventh Circuit reached its conclusion based on its understanding of *Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012 (1985), and *Adsani v. Miller*, 139 F. 3d 67 (2nd Cir. 1998), *cert. denied*, 525 U.S. 875, 119 S. Ct. 176 (1998). Not only did the Eleventh Circuit adopt the rationale of the Second Circuit in *Adsani*, but it flatly rejected the opposite conclusions that had been reached by the two major treatises on federal procedure, cited as 20 *James Wm. Moore, et al.*, Moore's Federal Practice, § 307.10[2], at 307-6 (3d ed. 2002), and *Wright, Miller & Cooper*, Federal Practice & Procedure, § 3953 at 293 (3d ed. 1999). *Id.* at 1330.

In preparing the headnotes for *Pedraza*, the editors of Thompson-West easily recognized that what the *Pedraza* court said was a **holding** and not *obiter dictum*. The publisher of Federal Third in headnote 5 re-stated as that holding as follows:

> Term "costs", as used in rule governing bond for costs on appeal, includes anticipated appellate attorney fees, where statutory fee shifting provision that attends underlying cause of action defines costs to include attorney fees. Rule 7, F.R.A.P.

*Id.* at 1324.

Not only did Thompson-West fully comprehend the significance of the Eleventh Circuit's holding, but the same panel that decided *Pedraza* decided the companion case, *Baynham v. PMI Mortgage Ins. Co.*, 313 F. 3d 1337 (11th Cir. 2002). There it said:

> In *Pedraza*, we **held** that a cost bond issued pursuant to Fed.R.App.P. 7 ("Rule 7") may properly include anticipated attorneys' fees *if* the statutory fee shifting provision that attends the plaintiff's underlying cause of action defines "costs" to include attorneys' fees.

*Id*. 1338. (italics in original). (emphasis added).

In other words, the Eleventh Circuit immediately and expressly recognized that what it said in *Pedraza* was a "holding", that is, was necessary to its decision. Without adopting *Adsani*, the Eleventh Circuit could not have reached the specific conclusion it reached that the fee shifting provision in the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(d)(5), could not be used to include potential fees in a Rule 7 bond. The Eleventh Circuit made plain its firm agreement with *Adsani* by saying:

> [Although we adopt the approach to defining Rule 7 "costs" taken by the Second Circuit, that analysis yields the opposite conclusion in this case from the one produced in *Adsani*. This is so because RESPA's fee shifting provision, § 2607(d)(5), explicitly distinguishes attorneys' fees from awardable "costs".

3

*Id.* 1334-1335.

After the Eleventh Circuit decided *Pedraza*, which rejected Professor Moore's position, Moore's treatise was carefully amended to recognize *Pedraza* and *Adsani* as representative of the minority side of a split in the circuits.  In other words, after *Pedraza*, Professor Moore's commentators quickly recognized its significance and reacted to it.  There may be legitimate arguments on both sides of the Rule 7 question at issue, but it is quite clear which side the Eleventh Circuit is on.

With no question remaining about where to look to find out if attorneys' fees are a part of the taxable costs in this case, the court looks to the statute upon which Garrett's underlying cause of action is based.

The fee shifting provision in the Rehab Act is found at 29 U.S.C. § 794a(a)(1), as follows:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through **706(k)** (42 U.S.C. 20003-5(f) through (k), shall be available, with respect fo any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.  In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the costs of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

(emphasis supplied).

The Rehab Act thus incorporated the fee shifting provision of 42

U.S.C. § 2000e-5(k), which says:

> In any action of proceeding under this sub-chapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee, including expert fees, **as part of the costs**, and the Commission and the United States shall be liable for costs as a private person.

(emphasis supplied).

There is nothing in *Adsani or* in *Pedraza* to suggest that before a trial court can include in a Rule 7 bond possible fees for appellee's counsel who provides a successful defense the court must find that the appeal is "frivolous, unreasonable or without foundation". These are the words of *Baker v. Alderman*, 158 F. 3d 516, 524-25 (11th Cir. 1998), in which the Eleventh Circuit relied upon the following holding in *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 98 S. Ct. 694, 700 (1978) for evaluating the entitlement of a prevailing defendant to attorneys' fees:

> In sum, a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or with foundation, even though not brought in subjective bad faith.

As pointed out in *Baynham*, *supra*, 313 F 3d at 1338, if a plaintiff proceeds "in bad faith, vexatiously, wantonly, or for oppressive reasons" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991)), attorneys' fees may be included in a Rule 7 bond in an exercise of the trial court's inherent power, and the court, upon such a finding need not look to the fee shifting

5

statute. If this court were attempting to use its inherent power to add UAB's prospective attorneys' fees to a Rule 7 bond, it would have to pre-judge Garrett's motivation for taking her appeal, something this court is unwilling to do. But, that is not what this court is undertaking to do. There is a substantial difference between the two standards. Following *Pedraza* this court is not called upon to judge Garrett's appeal by either standard. In order to fix a Rule 7 bond it is not required to make a pre-appeal finding that Garrett's appeal is "frivolous, unreasonable or without foundation". To make such a finding would be presumptuous and would be injudicious without reading appellant's brief.

This court, of course, understands that in the event Garrett loses her appeal, UAB's attorneys' fees cannot be assessed against her unless a court then finds that her appeal was "frivolous, unreasonable or without foundation". *See Baker, supra*, 158 F. 3d at 524-25. To reiterate, this court is not called upon to make that determination before the appeal is decided. Rather, applying *Pedraza*, this court must only find that the definition of "costs" under the Rehab Act can include attorneys' fees for a prevailing appellee, and that there is a significant risk that appellant will be unable to pay the costs taxed against her. In this case, these essential factors are both present.

To be sure that this court is not misunderstood, *Pedraza* does not hold that a bond posted pursuant to Rule 7 is automatically

forfeited in favor of a successful appellee. It only recognizes that an appellant must post a bond that stands good for the appellee's fee if and when a fee is awarded under a fee shifting statute. In other words, a Rule 7 bond is no more than an insurance policy covering a potential loss. The amount of the coverage is selected after making an intelligent estimate of the possible loss to be covered. Here, the amount of the "costs", if any, to be taxed against Garrett if she loses her appeal, is for another day. What is called for today, under Rule 7, is that Garrett guarantee the "costs" that can, in theory, be anticipated; and attorneys' fees for UAB are possible if not entirely predictable. While Rule 7 is admittedly burdensome on a non-prevailing plaintiff who wants to appeal, the intent of Rule 7 is clear and inescapable, at least as long as *Pedraza* remains the law of the Eleventh Circuit.

The mere fact that UAB did not seek attorneys' fees in the trial court as a prevailing party under the Rehab Act does not constitute a waiver of its right to insist upon a Rule 7 bond from Garrett to cover such fees on appeal.

Unless **within fourteen (14) days**, the parties agree on an amount for a Rule 7 bond to be posted by Garrett with a surety to be approved by the Clerk, each party shall file with the court one or two affidavits by affiants knowledgeable in the area of attorneys' fees, stating their judgments and beliefs as to the

amount of attorneys' fees that can reasonably be anticipated by UAB for defending this appeal. Thereafter, the court will fix the amount of the Rule 7 bond.

DONE this 23rd day of February, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE